UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

DANIEL P. BREWINGTON,            )
                                 )
            Petitioner,          )
                                 )
     vs.                         )     1:11-CV-1086-TWP-MJD
                                 )
SHERIFF MICHAEL KREINHOP,        )
                                 )
            Respondent.          )

**Entry Discussing Amended Petition for Writ of Habeas Corpus**

This cause is before the court on the amended petition for a writ of habeas corpus of Daniel P. Brewington. The action is before the court for preliminary review pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.*1

**I.  The Amended Petition for Writ of Habeas Corpus**

Brewington is confined in the Dearborn County Law Enforcement Center awaiting the trial or other disposition of charges pending in Dearborn County Superior Court II. He seeks habeas corpus relief freeing himself from the burden of facing these charges. The supplement filed on September 16, 2011, shows that he is represented by counsel. His contentions are that he is being held in violation of his right to: free speech, effective assistance of counsel, due process during the grand jury, access to his Ohio attorney, access a reasonable bond and access to proper medication. A challenge to the

---

1 The petitioner is in state custody, but not pursuant to the *judgment* of a state court. However, Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* provides that those Rules may be applied in applications for habeas corpus in cases not brought by a person challenging the judgment of a state court at the discretion of the district court. This is an appropriate case for such application, as was *Matta Ballesteros v. Henman,* 896 F.2d 255, 259 (7th Cir.), *cert. denied,* 498 U.S. 878 (1990), and the reference to those Rules is now made explicit.

conditions of his confinement, of course, is not a proper ground on which to seek federal habeas corpus relief. As to those habeas claims which could impact on the validity of his detention, they center principally on his contention that he has been denied the effective assistance of counsel. What is important for the present purpose is that each of these claims are well within the mainstream of issues which can be presented to the Indiana state courts in a direct appeal or a collateral challenge.

A habeas petitioner such as Mr. Brewington must give the state courts a meaningful opportunity to consider the substance of the claims later presented in federal court. Stated otherwise, "[a] state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). It has been noted by the Supreme Court that:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U. S. C. §2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U. S. 364, 365 (1995) *(per curiam)* (quoting *Picard v. Connor*, 404 U. S. 270, 275 (1971) (citation omitted)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. *Duncan*, *supra*, at 365-366; *O'Sullivan v. Boerckel*, 526 U. S. 838, 845 (1999).

*Baldwin v. Reese,* 541 U.S. 27, 29 (2004).

A writ of habeas corpus may be granted when it is established that the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pre-judgment habeas relief is available under 28 U.S.C. § 2241(c)(3). *Walker v. O'Brien,* 216 F.3d 626, 633 (7th Cir. 2000) (Section 2254 is the vehicle for prisoners in custody pursuant to the judgment of a state court, but not those

in state custody for some other reason, such as preconviction custody*); United States v. Castor,* 937 F.2d 293, 296-97 (7th Cir. 1991); *Hirsch v. Smitley,* 66 F.Supp.2d 985 (W.D.Wisc. 1999). "Although federal district courts have jurisdiction over pretrial habeas petitions, they grant such relief only sparingly." *Blanck v. Waukesha County,* 48 F.Supp.2d 859, 860 (E.D.Wis. 1999) (citing *Neville v. Cavanagh,* 611 F.2d 673, 675 (7th Cir. 1979)).

The court's jurisdiction over Mr. Brewington's amended petition does not, of course, compel that the relief he seeks actually be granted. "While not explicitly required by § 2241(c)(3), the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to pretrial habeas petitions." *Blanck,* 48 F.Supp.2d at 860. "The exhaustion doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief." *Id.* "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings." *Id.* "A petitioner will be held to have exhausted his remedies before trial only in 'special circumstances.'" *Id.* (quoting *United States v. Elrod,* 589 F.2d 327, 329 (7th Cir. 1979) (quoting *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489 (1973)).

Mr. Brewington's filings in this action do show the existence of special circumstances warranting the relief he seeks. Mr. Brewington is a pretrial detainee. Whether his claims prove meritorious or not, they are not extraordinary in the least. He is represented by counsel, aware of the proceedings he faces, and fully able to vindicate his federal rights implicated in the prosecution against him.  It is the presumption of this court that his federal rights will be protected and any infringement on those rights vindicated through a state court process. If these presumptions are not

validated by whatever lies ahead for him, he will have the opportunity to resort to a federal forum, pursuant to 28 U.S.C. § 2254(a). To rule otherwise (with respect to the timing of Brewington's challenge in a federal forum) would turn the writ of habeas corpus "into a pretrial-motion forum for . . . prisoners" and cause "the derailment of . . . pending state proceeding[s] by attempt(ing) to litigate (affirmative) constitutional defenses prematurely in federal court." *Wingo v. Ciccone,* 507 F.2d 354, 357 (8th Cir. 1974) (quoting *Braden,* 410 U.S. at 493). Although he is dissatisfied with the course of proceedings thus far, and although that dissatisfaction extends to his representation, he may present such a claim in challenges to his conviction (through an appeal or thereafter in an action for post-conviction relief ) if the outcome of the action is not to his dissatisfaction. Neither a "clear case" of relief nor the simple existence of fractious proceedings warrant federal intervention in ongoing state criminal prosecutions.

"The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 10 (1992). The only manner in which this purpose can be recognized is to dismiss Mr. Brewington's amended petition in this court and permit him to proceed, if he elects to do so, in the Indiana state courts.

Because the petitioner is not entitled to the relief he seeks at this time and in this forum, the action is dismissed. The dismissal shall be without prejudice. Judgment consistent with this Entry shall now issue.

II. **Certificate of Appealability**

*Evans v. Circuit Court of Cook County, Ill.*, 569 F.3d 665 (7th Cir. 2009), dictates whether a certificate of appealability is warranted in these circumstances. Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2254 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Brewington has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 10/14/2011 _____

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Robert Gregory Kelly
rgkellycolpa@aol.com